*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ANTOINE EARICO BOWMAN,

        Defendant-Appellant.

UNPUBLISHED
April 22, 2021

No. 350061
Wayne Circuit Court
LC No. 19-000114-01-FC

Before: TUKEL, P.J., and SERVITTO and RICK, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of second-degree murder, MCL 750.317, felon in possession of a firearm, MCL 750.224f, and two counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced, as a fourth-offense habitual offender, MCL 769.12, to 40 to 60 years' imprisonment for the second-degree murder conviction, 5 to 10 years' imprisonment for the felon in possession of a firearm conviction, and two years' imprisonment for each of the felony-firearm convictions. We affirm defendant's convictions but remand for resentencing.

This case arises out of shooting death of Lorent Dule on September 22, 2018, at the F&M Tire Shop in Detroit, Michigan. Defendant, who worked at the tire shop, shot Dule three times, killing him. Eyewitnesses to the shooting, who testified as prosecution witnesses, included Brandon Williams (defendant's brother), and the manager of the tire shop, Ankido Anouya. Defendant testified in his own defense and pursued a self-defense theory, but he was convicted and sentenced in the manner set forth earlier. This appeal followed.

Defendant first argues that he was denied the effective assistance of counsel at trial. We disagree. Whether a defendant was denied the effective assistance of counsel presents a mixed question of fact and constitutional law. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). Findings of fact are reviewed for clear error, and questions of law are reviewed de novo.

-1-

*Id.* Because no *Ginther*[1] hearing was held, this Court's review is limited to the existing record. *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007).

"To prove that his defense counsel was not effective, the defendant must show that (1) defense counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that counsel's deficient performance prejudiced the defendant." *People v Lane*, 308 Mich App 38, 68; 862 NW2d 446 (2014). "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Head*, 323 Mich App 526, 539; 917 NW2d 752 (2018) (quotation marks, brackets, and citation omitted). To establish prejudice, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018) (quotation marks and citation omitted).

Defendant contends that defense counsel was ineffective because he should have more forcefully questioned Williams in pursuit of a defense theory that Williams tailored his testimony to avoid being charged as an accomplice in the homicide. Defendant's argument fails.

"The questioning of witnesses is presumed to be a matter of trial strategy." *People v Petri*, 279 Mich App 407, 413; 760 NW2d 882 (2008). "[A] defendant must overcome the strong presumption that counsel's challenged actions were sound trial strategy." *People v Cooper*, 309 Mich App 74, 80; 867 NW2d 452 (2015). "This Court will not substitute its judgment for that of counsel on matters of trial strategy, nor will this Court use the benefit of hindsight when assessing counsel's competence." *Id.* (quotation marks, brackets, and citation omitted). "A failed strategy does not constitute deficient performance." *Id.* at 84 (quotation marks and citation omitted).

Defense counsel vigorously cross-examined Williams, and the cross-examination was reasonable. Defense counsel elicited testimony from Williams that was favorable to the defense, including Williams's admissions that he had not slept for three days before testifying, that he was legally blind, and that he could not identify the type of firearm defendant used. This served to undermine the credibility of Williams's eyewitness testimony. Defense counsel further obtained Williams's admission that Dule was significantly larger than defendant, which offered support for the defense theory that defendant feared for his life during the incident. In addition, defense counsel brought out differences between Williams's trial testimony and earlier statements he had made to the police and the prosecutor, including that Williams failed to mention in his statements that defendant said he was going to blow Dule's head off, which Williams testified at trial defendant had said. Defendant essentially second-guesses defense counsel's strategy by suggesting that defense counsel should have pursued a theory that Williams was trying to cover up his purported role as an accomplice. But the jury already knew that Williams drove the vehicle from which defendant left the crime scene and that Williams then gave defendant the keys to the vehicle. Further, even if defense counsel's cross-examination of Williams was somehow deficient, defendant has not demonstrated prejudice. Another eyewitness, Anouya, saw defendant shoot

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

Dule, and Anouya's testimony regarding the material facts surrounding defendant's shooting of Dule was far more consistent with Williams's testimony than with defendant's version of events.

Defendant next argues that defense counsel was ineffective for failing to object to a portion of the prosecutor's closing argument that defendant asserts was improper. In particular, defendant suggests that the prosecutor improperly argued that defendant could not claim self-defense because he was committing a crime when he held a gun. Defendant's argument is unavailing.

During his closing argument, the prosecutor stated, in relevant part, as follows:

> Now the self-defense claim: The judge is going to read you the specific instruction regarding it but there are certain parameters. We can't just go out and say, look, that guy over there, you know, he was eye balling me weird and I thought that he was going to kill me so I preempted his ability to do so from 20 feet away, 30 feet away, and so I just took out my gun and I shot him. If that was okay every person that's committed a murder in the country would be set free, but that's not the rules that we have here in Michigan, okay. There's [sic] some parameters. One is, you cannot be committing a crime at the time that you're using lawful self-defense. I argue to you, Ladies and gentlemen, that during cross-examination and a stipulation, which is an agreement between the parties, that he did possess a firearm, that he was convicted of a specified felony and that his right to bear arms had not been restored. I argue to you, Ladies and gentlemen, that he was committing a crime at the time so, arguably he may not have been allowed to use that self-defense, but, mind you, I don't think that the facts and circumstances in anything that he said, you know, warrant a justification for the murder of Lorent Dule.

The prosecutor went on to discuss further the elements of self-defense.

In *People v Dupree*, 486 Mich 693, 712; 788 NW2d 399 (2010), our Supreme Court held that "the traditional common law affirmative defense of self-defense is generally available to a defendant charged with being a felon in possession if supported by sufficient evidence." And in *People v Guajardo*, 300 Mich App 26, 40; 832 NW2d 409 (2013), this Court held that "a felon possessing a firearm is not precluded from raising self-defense under the [Self-Defense Act (SDA), MCL 780.971 *et seq*.] when there is evidence that would" support the defense. This Court noted that

> the temporal relationship between the time the accused came into possession of the firearm and the time he or she deployed deadly force is relevant to determining whether the accused had an honest and reasonable belief that possession of a firearm was justified to prevent imminent death, great bodily harm, or sexual assault. . . . [B]oth the amount of time an accused possessed a firearm and the manner in which an accused came into possession of the firearm can be part of a totality-of-the-circumstances inquiry into whether there is evidence that a felon's possession of a firearm was justified because the felon honestly and reasonably believed that the use of deadly force was necessary to prevent imminent death, great bodily harm, or sexual assault. [*Guajardo*, 300 Mich App at 40 n 4.]

The prosecutor was not precluded from arguing that the facts and circumstances of this case did not support the defense theory of self-defense. A prosecutor enjoys wide latitude in making arguments and may argue the evidence and reasonable inferences from the evidence in regard to the prosecutor's theory of the case. *People v Bahoda*, 448 Mich 261, 282; 531 NW2d 659 (1995). The prosecutor was permitted to challenge the defense theory in closing argument, and defense counsel was not ineffective for failing to make a futile objection. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Even if the prosecutor's argument is read to improperly suggest that a defendant charged with being a felon in possession of a firearm may not assert self-defense, defendant's ineffective assistance claim still fails. Defense counsel may have reasonably declined to object to the prosecutor's argument in order to avoid drawing the jury's further attention to defendant's status as a convicted felon. See *People v Unger*, 278 Mich App 210, 242; 749 NW2d 272 (2008) (noting that "declining to raise objections, especially during closing arguments, can often be consistent with sound trial strategy[]").

In addition, defendant has not demonstrated prejudice. The trial court fully instructed the jury on self-defense. The trial court also instructed the jury that it must follow the court's instructions on the law rather than any statements by the lawyers regarding the law, and that the statements and arguments of the lawyers were not evidence. See *Bahoda*, 448 Mich at 281 (concluding that the trial court's "instruction that arguments of attorneys are not evidence dispelled any prejudice[]"). "Jurors are presumed to follow their instructions, and instructions are presumed to cure most errors." *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003).[2]

Defendant further asks that this Court remand the case to the trial court for a *Ginther* hearing. Defendant earlier filed in this Court a motion to remand for a *Ginther* hearing. This Court denied the motion "for failure to persuade the Court of the necessity of a remand at this time," and the denial of the motion to remand was "without prejudice to a case call panel of this Court determining that remand is necessary once the case is submitted on a session calendar." *People v Bowman*, unpublished order of the Court of Appeals, entered December 8, 2020 (Docket No. 350061). A remand for a *Ginther* hearing is unnecessary. The cross-examination of Williams

---

[2] The weakness of defendant's self-defense theory in regard to the felon in possession of a firearm charge further supports the conclusion that defendant has not shown prejudice. According to defendant's testimony, he had taken the gun from a stack of tires in the tire shop before his confrontation with Dule. Defendant testified that the gun was kept in the stack of tires for protection because the tire shop engages in cash transactions and that he had put the gun on his person because there were a lot of dangerous people in the area. Therefore, defendant's own testimony regarding how and when he came into possession of the firearm indicates that he was already possessing the gun unlawfully *before* his confrontation with Dule, thereby cutting against a self-defense theory that would justify his possession of the gun. See *Guajardo*, 300 Mich App at 40 n 4 (noting that "both the amount of time an accused possessed a firearm and the manner in which an accused came into possession of the firearm can be part of a totality-of-the-circumstances inquiry into whether there is evidence that a felon's possession of a firearm was justified" under a self-defense theory).

and the prosecutor's arguments regarding self-defense, which are the central focus of defendant's claims of ineffective assistance of counsel at trial, are part of the existing record. Therefore, the existing record is adequate to resolve defendant's claims of ineffective assistance of counsel.

Defendant next argues on appeal that he is entitled to resentencing on the basis of multiple sentencing errors as well as ineffective assistance of counsel at sentencing. The prosecutor concedes that defendant is entitled to resentencing on the basis of ineffective assistance of counsel at sentencing. We agree with the parties that defendant is entitled to resentencing.

Our Supreme Court has explained:

Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo. [*People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013) (citations omitted), superseded by statute in part on other grounds as stated in *People v Rodriguez*, 327 Mich App 573, 579 n 3 (2019).]

Defense counsel agreed to some of the alleged sentencing rulings that defendant challenges on appeal. Defense counsel thereby waived review of those underlying alleged sentencing errors by affirmatively approving the trial court's decisions. See *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011) (defense counsel's clear expression of satisfaction with a trial court's decision constitutes a waiver). Waiver extinguishes any error, thereby precluding appellate review of the underlying error. *Id.* However, in addition to presenting argument regarding the alleged sentencing errors, defendant also asserts that defense counsel was ineffective with respect to the sentencing errors. A defendant may assert ineffective assistance of counsel in regard to counsel's waiver of a claim of error. See *People v Vaughn*, 491 Mich 642, 674; 821 NW2d 288 (2012). Hence, the underlying sentencing issues may be reviewed in the context of defendant's claims of ineffective assistance of counsel at sentencing.

Defendant first argues that the trial court erred in assessing 30 points for prior record variable (PRV) 2. The prosecutor concedes that defense counsel was ineffective in agreeing to the erroneous assessment of 30 points for PRV 2 and that defendant is entitled to resentencing on the basis of this error. We agree that defendant is entitled to resentencing because defense counsel was ineffective in agreeing to the erroneous assessment of 30 points for PRV 2.

PRV 2 concerns a defendant's prior low severity felony convictions. MCL 777.52(1). An assessment of 30 points is required if the offender has four or more prior low severity felony convictions. MCL 777.52(1)(a). An assessment of 20 points is required if the offender has three prior low severity felony convictions. MCL 777.52(1)(b). An assessment of 10 points is required if the offender has two prior low severity felony convictions. MCL 777.52(1)(c). If the offender has one prior low severity felony convictions, then an assessment of 5 points is required. MCL 777.52(1)(d). At sentencing, the prosecutor and defense counsel agreed to an assessment of 30 points under PRV 2 for four prior low severity felony convictions, and the trial court assessed 30 points under PRV 2 in accordance with the parties' agreement. However, as the prosecutor

concedes on appeal, the presentence investigation report (PSIR) shows that defendant had only two prior low severity felony convictions. Therefore, defendant should have been assessed only 10 points under PRV 2. Correction of this error would reduce defendant's PRV level from D to C, thereby altering the appropriate guidelines range. See MCL 777.61. Because the scoring error changed defendant's guidelines range, resentencing would be required. *People v Francisco*, 474 Mich 82, 89-92; 711 NW2d 44 (2006). Defense counsel was ineffective at sentencing because there was no valid strategic reason to agree to the erroneous assessment of 30 points for PRV 2, and defendant was prejudiced because the error altered the guidelines range. See *id*. Therefore, as the prosecutor concedes on appeal, defendant is entitled to resentencing.

Because defendant is entitled to resentencing on the basis of the PRV 2 scoring error, it is unnecessary to address the other alleged sentencing errors. We will nonetheless address the remaining sentencing claims to provide guidance for resentencing on remand.

Defendant next argues that the trial court erred in assessing 25 points for offense variable (OV) 3 and that defense counsel was ineffective for failing to object to this assessment. We disagree.

OV 3 pertains to physical injury to a victim. MCL 777.33(1). MCL 777.33(1)(a) provides for an assessment of 100 points if a victim was killed, but MCL 777.33(2)(b) states that 100 points is to be assessed "if death results from the commission of a crime and homicide is not the sentencing offense." An assessment of 25 points is required if the victim suffered a life-threatening or permanently incapacitating injury. MCL 777.33(1)(c). Injuries are considered life-threatening if they were, in the normal course, potentially fatal. *People v Chaney*, 327 Mich App 586, 590-591; 935 NW2d 66 (2019).

The trial court assessed 25 points for OV 3, and defense counsel did not object. The record supports the assessment of 25 points for OV 3 because Dule suffered life-threatening or permanently incapacitating injuries when defendant shot him to death. As stated in *People v Houston*, 473 Mich 399, 405-407; 702 NW2d 530 (2005), while the sentencing court is prohibited from assessing 100 points for OV 3 when homicide is the sentencing offense, it may properly assess *less than* 100 points for OV 3, when homicide is the sentencing offense. Defense counsel was not ineffective for failing to make a futile objection to the proper assessment of 25 points for OV 3. *Ericksen*, 288 Mich App at 201.

Defendant next argues that the trial court erroneously assessed 15 points for OV 5 and that defense counsel was ineffective for failing to oppose this erroneous assessment. The prosecutor on appeal concedes that there was no evidence to support the assessment of 15 points for OV 5 but notes that correction of this scoring error would not alter defendant's guidelines range and thus would not by itself require resentencing. We agree.

OV 5 pertains to psychological injury to a member of a victim's family. MCL 777.35(1); *People v Calloway*, 500 Mich 180, 184; 895 NW2d 165 (2017). An assessment of 15 points is required if "[s]erious psychological injury requiring professional treatment occurred to a victim's family." MCL 777.35(1)(a). MCL 777.35(2) states: "Score 15 points if the serious psychological injury to the victim's family may require professional treatment. In making this determination, the fact that treatment has not been sought is not conclusive." At sentencing, the prosecutor and

defense counsel agreed to an assessment of 15 points for OV 5, and the trial court assessed 15 points for OV 5. This assessment was erroneous because there was no evidence that a member of Dule's family suffered a serious psychological injury requiring professional treatment. At sentencing, Dule's mother, Ludmira Dule (Ludmira), briefly addressed the court through an interpreter and stated, "We believe in justice. I believe in God will be give the punishment [sic]." Ludmira said nothing suggesting a serious psychological injury. The PSIR indicates that efforts to contact Ludmira to obtain a victim's impact statement were unsuccessful. The trial court thus erred in assessing 15 points for OV 5. However, correction of this error would leave defendant at the same OV level. MCL 777.61. Hence, the error does not require resentencing because it does not change defendant's guidelines range. *Francisco*, 474 Mich at 89-92. Defendant thus cannot demonstrate prejudice for the purpose of his ineffective assistance of counsel claim in regard to the erroneous scoring of OV 5.[3]

Defendant next argues that he should have been sentenced as a third-offense habitual offender rather than a fourth-offense habitual offender and that defense counsel was ineffective at sentencing for failing to note this issue. The prosecutor on appeal concedes that defendant is entitled to resentencing on this ground as well because he should have been sentenced as a third-offense habitual offender rather than a fourth-offense habitual offender. We agree.

The prosecutor and defense counsel agreed at sentencing that defendant should be sentenced as a fourth-offense habitual offender, and the trial court sentenced defendant as a fourth-offense habitual offender. But as the prosecutor concedes on appeal, the PSIR shows that defendant had only two prior felony convictions, and defendant thus should have been sentenced as a third-offense habitual offender rather than a fourth-offense habitual offender. See MCL 769.11(1); MCL 769.12(1). Defense counsel was ineffective because there was no valid strategic reason to agree to sentencing defendant as a fourth-offense habitual offender. Defendant was prejudiced because the upper limit of the guidelines range is increased by 50% for third-offense habitual offenders but by 100% for fourth-offense habitual offenders. See MCL 777.21(3)(b) and (c). Therefore, defendant is entitled to resentencing on this ground as well.

We affirm defendant's convictions but remand the case to the trial court for resentencing. We do not retain jurisdiction.

/s/ Jonathan Tukel
/s/ Deborah A. Servitto
/s/ Michelle M. Rick

---

[3] Because the case is being remanded for resentencing on other grounds, the prosecutor is free to present evidence on remand regarding the proper assessment of points for OV 5. See *People v Lampe*, 327 Mich App 104, 112; 933 NW2d 314 (2019) (when a case is remanded for resentencing, it returns to the trial court in a presentence posture, allowing the trial court to consider de novo every aspect of the defendant's sentences, including in regard to the scoring of OVs for which no specific instructions or prohibitions have been imposed).